CHARLES SCHMIDT v.. JOHN MACKEY..

Where the petition was founded upon a joint and several promissory note,. executed by four defendants, and also prayed for a foreclosure of a mortgage upon a lot, being part of another lot, whereon was S's store; but, in the effort to describe the lot, the petition only called for two rectangular lines, and the mortgage, which was attached as an exhibit, only called for three lines, omitting the northern line, and calling for the closing line as a diagonal, instead of the last line of a parallelogram, and the only defense was a demurrer, setting forth special causes, having no reference to these mistakes, and a general denial, and the cause was submitted to the judge, who overruled the demurrer, and rendered a money judgment against all the defendants, and a decree of foreclosure for the sale of the lot by proper descriptive calls: *Held*, that the general demurrer ought to have been sustained, and the plaintiff allowed to amend his descriptive calls and to aver a mistake in the mortgage, (if it was. correctly copied:) also *held*, that the court could not presume in favor of the judgment, because there was no predicate laid in the pleadings for proof which would support the decretal order of sale of a lot not described in the pleadings; and, because of the error. in the foreclosure, the whole judgment was reversed, and the court below instructed to allow an amendment.

ERROR from Colorado.   The case was tried before Hon.
GEORGE W. SMITH, one of the district judges.

There was neither bill of exceptions, demurrer to the
evidence, nor statement of facts.   The case was tried
before the judge without a jury; hence, of course, there
were no instructions.   But there was a demurrer over-
ruled, and the useless recitation, that the defendant ex-
cepted to the rendering judgment for the plaintiff.   There
was a good petition upon a promissory note, signed by four
defendants, dated May 1, 1860, and payable to the plaintiff
twelve months after date.   It was also alleged, that to
secure the payment the first maker (Charles Schmidt) exe-
cuted a mortgage upon a town lot in Columbus, (whereon
was S's store,) for which lot the note was given.   The
mortgage was "attached to the petition as a part thereof,"
marked "exhibit A."   In the descriptive part of the peti-
tion the north and east lines are not called for; in the
exhibit, which might have corrected this evident mis-
description, the north line is not called for, and, by follow-
ing the closing line to the first call, it reduced the land from
a parallelogram to a triangle only, covering half the area
embraced in the judgment.   But the prayer for judgment
was to recover against all the defendants for the amount
of the note, and also against Schmidt, the mortgagor, for
a foreclosure and sale of the property.

The defendant demurred on three grounds: 1. That
there is no allegation of a promise.   2. Because there is
no prayer for a citation.   3. Because there is no prayer
for a judgment.   Neither ground was true in fact.   The
exceptions were overruled, and, the defendants having
pleaded the general denial, the court rendered judgment
against the defendants for the amount of the note, and a
decree of foreclosure and order for the sale of the lot,
which in the decree is correctly described, without any ref-
erence to the erroneous calls in the petition and mortgage
attached.   Schmidt alone prosecuted error.

It will be seen that the learned judge only turned his attention to the pleadings; and, because of the error in description, the personal judgment was also reversed.

*D. D. Claiborne* and *W. J. Darden*, for plaintiff in error, argued upon the erroneous and impossible description in the petition and exhibit.

*Robert L. Foard*, for defendant in error.—There is no statement of facts or bill of exceptions; and in such a case, according to the language of Judge WHEELER, in Henderson v. Trimble, 8 Tex., 176, "Every presumption is to be indulged in favor of the judgment; and we are bound to presume in favor of the judgment every thing to have been proved which could be legally proved under the issues;" and the language of Judge ROBERTS, in St. Clair v. McGehee, 22 Tex., 6: "As facts may have existed which might have authorized the judgment, we must presume in favor of the judgment as to what facts were in proof."

The plaintiff in error is simply mistaken when he infers that Mackey, plaintiff in the lower court, did not seek a foreclosure of the mortgage upon the lot of land as bounded and described in the decree. The petition of Mackey expressly avers that the very lot, as bounded, set out, and described in the decree, was mortgaged by the defendant, Smith, to pay the note sued on; that this very lot had been deeded to Smith by Mackey; and that Smith, in the mortgage, acknowledged that the lot thus mortgaged was the same thus deeded to him.

Now, what was the issue between Mackey and Smith in relation to the mortgaged property? It was whether the land described in the petition was mortgaged to pay the note.

[Counsel insisted that, as the mortgage recited the deed of the administrator to one of the makers of the note, the deed might have been proved, and might have corrected

the omission of the call for the north line in the mortgage.
He also urged that the general description of the lot might
control the mere call for the lines.   He did not, however,
insist upon his personal judgment, should the decree of
foreclosure be reversed.]

LINDSAY, J.—The record in this case presents a most
extraordinary incongruity in the pleading, the proof, and
the judgment of the court.   The petition is made upon a
note, alleged to have been given as the purchase-money for
a lot in the town of Columbus, which is described as em-
braced in two rectilinear boundaries.   This is mathemati-
cally impossible.   It also alleges that a mortgage was given
upon the lot to secure the payment of the purchase-money,
of which mortgage profert is virtually made, and it was
necessarily a part of the evidence on the trial, as a fore-
closure of the mortgage was prayed for in the petition.
The mortgage itself sets out that the lot was included by
three right lines, making a triangle.   The judgment of the
court is the foreclosure of a mortgage upon a lot bounded
by four right lines, constituting a parallelogram.

There is no allegation in the petition that there was any
mistake made in the execution of the mortgage, or in de-
scribing or setting out the abuttals of the lot, and that it
was intended to embrace the identical lot for which the
judgment of foreclosure was pronounced.   Nor was there
any amendment of the petition, so as to show and properly
define the lot sought to be subjected.   The general demur-
rer to the petition ought to have been sustained, and leave
given the plaintiff to amend, if he desired to do so.   The
original allegations in the petition were undoubtedly insuf-
ficient to warrant a judgment of foreclosure, because the
mortgage did not and could not sustain an impossible
allegation.   Nor does the mortgage itself, the basis of the
judgment of foreclosure, sustain the judgment of the court.
There is an utter incompatibility between the petition, the

mortgage, and the judgment of foreclosure. This incompatibility could not be reconciled or obviated by any proof that could be legally introduced. There was no foundation laid by the pleadings to authorize the introduction of such proof, if it had been tendered. We cannot, therefore, presume that any such proof was offered or admitted, because it would have been the duty of the court to reject it if it had been offered. We must therefore reverse the judgment and remand the cause, with instructions that the plaintiff be permitted to amend the petition, if he desires to do so.

REVERSED AND REMANDED.